

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:CV-00-1873 |
| | : | |
| HERSHEL W. GOBER, Acting | : | |
| Secretary Of Veterans Affairs; | : | |
| RODNEY KISCADDEN; ALICE | : | |
| FIDLER; PEG WINTERS; IRVIN | : | |
| ERICKSON; RAYMER KENT; and | : | U.S.C. §§1981, 1983, 1985, 1986, 2000e |
| AMERICAN FEDERATION OF | : | |
| GOVERNMENT EMPLOYEES | : | |
| LOCAL 1966 | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## COMPLAINT

AND NOW, comes Plaintiff, Lewis Johnson, by his attorney, Andrew J. Ostrowski, Esquire, and in support of his Complaint, avers as follows:

1. Plaintiff Lewis Johnson is an adult black male who at all times relevant to this Complaint was employed with the Department of Veterans Affairs at the Veteran Affairs Medical Center in Lebanon, PA ("Lebanon Center").

2. Defendant Hershel W. Gober is the Acting Secretary of Veterans Affairs and the head of the Department of Veterans Affairs.

3. Defendant American Federation of Government Employees ("AFGE") Local 1966 is a labor union covering employees for the Department of Veterans Affairs and of which Plaintiff is a member.

4. Defendant, Rodney Kiscadden, is an adult male who, at times relevant hereto, was employed by the Department of Veteran Affairs and was Plaintiff's supervisor.

5. Defendant, Alice Fidler, is an adult female who is the nurse manager for the Lebanon Center and, at times relevant hereto, was Plaintiff's supervisor.

6. Defendant, Peg Winters, is an adult female who, at times relevant hereto, was President of Defendant AFGE.

7. Defendant, Irvin Erickson, is an adult male who, at times relevant hereto, was employed by the Department of Veteran Affairs and was one of Plaintiff's supervisors.

8. Defendant, Raymer Kent, is an adult male who, at times relevant hereto, was employed by the Department of Veterans Affairs as Human Resources Manager at the Lebanon Center.

9. In or around 1993 Plaintiff became employed by the Department of Veterans Affairs at the Lebanon Center as a nursing assistant.

10. In or around 1997 Plaintiff became employed as a housekeeping aide at the Lebanon Center.

11. In or around June 1998 Plaintiff applied for a position vacancy in housekeeping for which he was eligible and qualified.

12. In or around July 1998 the housekeeping position for which Plaintiff applied was filled by a non-protected class employee.

13. Prior to his non-selection to the housekeeping position, Plaintiff had registered complaints regarding his perception of a discriminatory and harassing work environment.

14. In accordance with the union contract governing Plaintiff's employment, Plaintiff should have been selected for the position based upon his seniority.

15. Pursuant to an illicit agreement between Defendants Gober, AFGE, Fidler, Kent and Winters, the position vacancy was posted as a competitive position wherein Plaintiff's seniority was not considered as a determinative factor in order to justify the non-selection of Plaintiff to the housekeeping position.

16. Beginning before his non-selection to the referenced housekeeping position, and continuing at all times through the present, Plaintiff has been subjected to a pattern of harassment and hostile actions by Defendants and others taken against him because of his race.

17. All conditions precedent to filing suit have been satisfied.

### COUNT ONE

18. Paragraphs 1-17 are incorporated herein by reference.

19. The actions of Defendants subjected Plaintiff to discriminatory treatment because of his race and/or in retaliation for his prior protected activities that adversely affected the terms and conditions of his employment and have led to his constructive discharge.

20. The actions to which Plaintiff has been subjected have been pervasive and regular, objectively unreasonable, and personally offensive to Plaintiff, and constitute an actionable hostile work environment.

21. The justifications of Defendants for the adverse employment actions taken against Plaintiff are merely a pretext for intentional discrimination on the basis of his race causing Plaintiff to suffer the injuries and damages as alleged herein.

22. As a direct and proximate result of Defendants' actions Plaintiff has been constructively discharged and continues to suffer losses of income and other incidental economic losses, has suffered, and will continue to suffer, severe emotional distress together with the aggravation, inconvenience and expense of taking formal action to vindicate his rights.

23. Defendants' actions have been outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

### COUNT TWO

24. Paragraphs 1-23 are incorporated herein by reference.

25. The actions and/or inactions of Defendant AFGE Local 1966, Fidler, Kent and Winters were taken to impair Plaintiff's rights under the terms of the labor union contract and to otherwise deny him the privileges and immunities and the full and equal benefit of the law and proceedings for his security to which all citizens are entitled.

26. The actions to which Plaintiff has been subjected are pervasive and regular, objectively unreasonable, and personally offensive to Plaintiff.

27. The justifications of Defendants for the adverse employment actions taken against Plaintiff are merely a pretext for intentional discrimination on the basis of his race causing Plaintiff to suffer the injuries and damages as alleged herein.

4

28. As a direct and proximate result of Defendants' actions Plaintiff has been constructively discharged and continues to suffer losses of income and other incidental economic losses, has suffered, and will continue to suffer, severe emotional distress together with the aggravation, inconvenience and expense of taking formal action to vindicate his rights.

29. Defendants' actions were outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

## COUNT THREE

30. Paragraphs 1-29 are incorporated herein by reference.

31. The individual Defendants' conduct toward Plaintiff, under color of law, was intentionally discriminatory and created a hostile work environment, and was taken because of his race and in retaliation for his protected activities leading to his constructive discharge.

32. Defendants' conduct toward Plaintiff, as stated actors who acted under color of law, was harassing and was motivated by an invidious discriminatory intent, and has deprived Plaintiff of the equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

33. As a direct and proximate result of Defendants' actions Plaintiff has been constructively discharged and continues to suffer losses of income and other incidental economic

losses, has suffered, and will continue to suffer, severe emotional distress together with the aggravation, inconvenience and expense of taking formal action to vindicate his rights.

34. Defendants' actions have been outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

## COUNT FOUR

35. Paragraphs 1-34 are incorporated herein by reference.

36. All actions and conduct of Defendants were in furtherance of a conspiracy between and among them in order to deprive Plaintiff of the rights and privileges to which all citizens are entitled.

37. As a direct and proximate result of Defendants' conduct in furtherance of their conspiracy, Plaintiff was constructively discharged from his employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

38. As an additional direct and proximate result of Defendants' conduct in furtherance of their conspiracy, Plaintiff has suffered, and will continue to suffer, stress-related

illnesses and the exacerbation of existing medical conditions, all of which are continuing and for which Plaintiff continues to receive medical treatment.

39.    Defendants' actions have been outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

## COUNT FIVE

40.    Paragraphs 1-39 are incorporated herein by reference.

41.    Defendants had knowledge of the harms to which Plaintiff was subjected in furtherance of the conspiracy against him but neglected and/or refused to prevent those harms despite their power to prevent or aid in preventing the wrongful acts.

42.    As a direct and proximate result of Defendants' failure and/or refusal to prevent the wrongful acts in furtherance of their conspiracy, Plaintiff was constructively discharged from his employment and has, and will continue to, suffer a loss of income, benefits and other incidents of employment together with emotional anguish, humiliation, and aggravation, for all of which Plaintiff is entitled to equitable and/or legal redress.

43.    As an additional direct and proximate result of Defendants' failure and/or refusal to prevent the wrongful acts in furtherance of their conspiracy, Plaintiff has suffered, and will

continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions, all of which are continuing and for which Plaintiff continues to receive medical treatment.

44. Defendants' actions have been outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

## COUNT SIX

45. Paragraphs 1-44 are incorporated herein by reference.

46. The actions of Defendants and were reckless and outrageous and were intended to, and did, cause Plaintiff severe emotional distress.

47. As a direct and proximate result of Defendants' reckless and outrageous actions, Plaintiff has suffered, and will continue to suffer, stress-related illnesses and the exacerbation of existing medical conditions, all of which are continuing and for which Plaintiff continues to receive medical treatment.

48. Defendants' actions have been outrageous and taken without regard for the rights of Plaintiff in furtherance of their common scheme and illicit plan, maliciously and with the specific intent to harm the Plaintiff as alleged herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages in an unliquidated amount including all compensatory and punitive damages necessary to address the wrongs described herein, plus the costs of this litigation, interest and reasonable attorney's fees, and such other legal and/or equitable relief as is just.

Respectfully submitted,

*Lewis W. Johnson*
Lewis Johnson
Plaintiff, Pro Se

Dated: 10/23/00