# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEWIS JOHNSON,

        Plaintiff,

        V.
                              1:00-CV- 1873

                                Judge Kane

HERSHEL W. GOVER, Acting Secretary of
Veterans Affairs: RODNEY KISCADDEN;
ALICE FIDLER; PEG WINTERS;
IRVIN ERICKSON; RAYMER KENT;
and AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 1966,

        Defendants.

FILED
HARRISBURG

JAN 3 - 2001

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

## DEFENDANT PEG WINTERS' AND DEFENDANT AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1966'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(1) MOTION TO DISMISS

## I. Introduction

This motion is filed on behalf of just two of the defendants. Those two defendants are Peg Winters and the American Federation of Government Employees Local 1966, hereinafter "AFGE Local 1966". Peg Winters, as set forth in the complaint at paragraph 6 is sued solely in her capacity as the President of AFGE Local 1966. Thus the two defendants who are filing this motion can be viewed as the "union defendants". The other defendants appear to be management officials of the Veterans Affairs Medical Center in Lebanon, Pennsylvania where the plaintiff is a federal employee. He complains of poor treatment, non-selection for a position which he sought and harassment and hostile actions by all of the defendants because of his race.

## II. The Union Defendants Have A Duty Of Fair Representation Towards The Defendant But They Are Not Managers of His Place Of Employment.

The union defendants are not the plaintiff's employer and they do not have control over whether he is promoted to a position by the employing agency or

2

whether he is subjected to adverse action by the employing agency. Plaintiff is however a member of the bargaining unit represented by AFGE Local 1966. Peg Winters is the President of that local. Under applicable federal law the only responsibility of the union defendants towards the plaintiff is to provide him with fair representation as a member of that bargaining unit. This responsibility is known as the "duty of fair representation" or the "DFR". See 5 U.S.C. Section 7114.

III. <u>Under The Comprehensive Scheme Adopted By Congress Which Regulates Labor Relations And Employment Law In The Federal Sector, A Claim That A Federal Sector Union And/Or Its Officers Has Failed To Fulfill Its Duty of Fair Representation To An Employee Such As the Plaintiff Here May Only Be Filed With the Federal Labor Relations Authority, FLRA.</u>

This is a claim that a federal employee, the plaintiff, was not properly represented by his federal sector union, the defendant.[1] Such claims are under the

---

[1] As can be gleaned from paragraphs 3, 6, 15, 25 and 42 of the Complaint, plaintiff has alleged that the union defendants failed to insure that he was treated properly by the employing agency. Thus, as regards the two union defendants, the Complaint is clearly a claim by the plaintiff that his union has failed to properly represent him vis-a-vis the employer. This charge must be filed with the Federal Labor Relations Authority which is empowered to investigate such

3

exclusive jurisdiction of the Federal Labor Relations Authority, FLRA, which exists

pursuant to the Federal Sector Labor Management Relations Statute. 5 U.S.C.

Section 7101 *et seq*.   It has been clearly held that a United States District Court

does not have jurisdiction to hear such matters.   *Karahalios v. Nat. Fed. Of*

*Federal Emp. Local 1263*, 109 S.Ct. 1282, 1287 (1989).  In addition this issue has

been ruled on by this court.   In fact an attorney who filed and then failed to

withdraw such a lawsuit, upon being informed that under *Karahalios v. Nat. Fed. Of*

*Federal Emp., Local 1263,* such a case is not within the jurisdiction of this court

was subjected to sanctions by this court.   See Memorandum Opinion in *Morgan v.*

*American Federation of Government Employees, AFL-CIO local 1647,* Civil

Action No. 89-1832, January 17, 1991, U.S. District Court for the Middle District

of Pennsylvania.  See attached.


IV.  Conclusion


For the above reasons the complaint in this matter should be dismissed

against the two union defendants pursuant to Rule 12(b)(1).    This court lacks

--------------------------------------------------------------------------------

matters and to prosecute appropriate cases pursuant to a detailed and exclusive statutory scheme
adopted by Congress.

subject matter jurisdiction of these types of claims.

Respectfully Submitted,

Martin R. Cohen
Attorney I.D. # 14112 (PA)
Assistant General Counsel
AMERICAN FEDERATION OF
    GOVERNMENT EMPLOYEES
Ten Presidential Blvd., Suite 117
Bala Cynwyd, PA 19004
610 660 0316
Counsel for Defendants Peg Winters and
AFGE Local 1966

Mark D.Roth
General Counsel
AMERICAN FEDERATION OF
    GOVERNMENT EMPLOYEES
80 F. Street, N.W.
Washington, DC 20001
202 639 6415

January 02, 2001

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RAYMOND MORGAN,
     Plaintiff

     v.                        Civil No. 89-1832

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
AF of L-CIO, Local 1647 and
the UNITED STATES DEPARTMENT
OF THE ARMY,
     Defendants

FILED
SCRANTON

JAN 1 7 1991

PER _____ DEPUTY CLERK


## MEMORANDUM

### FACTUAL BACKGROUND

Presently before the court is a motion under Fed.R.Civ.P. 11 for attorney's fee

and costs filed by Martin R. Cohen, Esq., (Cohen), counsel for defendant American

Federation of Government Employees, AFL-CIO, Local 1647, against Peter Loftus, Esq.,

(Loftus), counsel for the plaintiff. Briefs having been filed by both parties, the matter is

now ripe for disposition. The motion will be granted for the reasons that follow.

Cohen's sworn version of the facts, which has not been contradicted by Loftus,

as follows:

Loftus, on behalf of Raymond Morgan, filed a complaint against the union in

Monroe County Court of Common Pleas alleging a breach by the union of its duty of fair

representation. Cohen advised Loftus promptly by mail that, under Karahalios v. Nation

Federation of Federal Employees, 109 S.Ct. 1282 (1990),[1] jurisdiction of a suit between a federal employee and his union lies exclusively with the Federal Labor Relations Authority (FLRA) and requested that he dismiss the action. Loftus refused and Cohen, for the union, filed Preliminary Objections. Loftus did not respond to the Preliminary Objections and, on November 22, 1989, Monroe County Judge James Marsh dismissed the case on jurisdictional grounds, holding that a complaint involving an alleged breach of the duty of fair representation by a federal employee's union must be filed with the Federal Labor Relations Authority.

Notwithstanding the ruling by Judge Marsh on December 21, 1989, Loftus commenced the action in this court against the union and added as another defendant, the United States Army, Tobyhanna Army Depot, plaintiff's employer. Jurisdiction was alleged to exist under 42 U.S.C. § 1983; 28 U.S.C. § 1337(a); the National Labor Relations Act, 29 U.S.C. § 151, et seq., and the Labor Management Relations Act, 29 U.S.C. § 401, et seq. In the complaint, plaintiff made the same allegations against the union as in the Monroe County Court that, while employed at the Depot, he was suspended for several days and later separated for "alleged offenses" and, that the union breached its duty of fair representation by failing to pursue his grievances.

Again, by letter dated January 5, 1990, Cohen advised Loftus "[t]he U.S. Supreme Court has recently stated unequivocally that duty of fair representation cases, such as Mr. Morgan's, must be filed exclusively with the Federal Labor Relations Authority. Karahalio

---

[1]    Cohen also furnished Loftus with a copy of the Karahalios opinion.

2

v. National Federation of Federal Employees, 109 S.Ct. 1282 (1989). See enclosed copy".

He warned Loftus that failure to withdraw the action against the union would result in his seeking fees and expenses under Fed.R.Civ.P. 11. Loftus rejected the request and the union filed a motion to dismiss which was granted by this court on June 6, 1990, citing Karahalios as controlling authority.[2] This Rule 11 motion followed, as promised by Cohen.[3]

## DISCUSSION OF MERITS

It would be difficult to perceive a situation where a Rule 11 sanction would be more appropriate. Indeed, failure to impose sanctions in this case would undermine the very purpose of the rule inasmuch as, under the rule, when a violation occurs, the imposition of sanctions is mandatory. Rule 11 provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is

---

2.    A motion to dismiss by the United States Army was granted for similar reasons, viz., jurisdiction exists solely within the FLRA. The Army has not sought sanctions.

3.    Loftus does not dispute the merits of the Rule 11 issue but merely attacks the union's motion on procedural grounds. Middle District Local Rule 804.2 states that requests for costs must be filed within 30 days after entry of judgment. Defendant filed its motion on June 20, 1990, but failed to file a brief and the motion was deemed withdrawn and dismissed. Defendant resubmitted the motion on September 7, 1990 with an accompanying brief. Assuming a Rule 11 motion is subject to the 30 day deadline, the original filing satisfied the local rule and, under the circumstances, the renewed motion will be considered as timely filed.

3

warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation..... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (emphasis supplied)

The Supreme Court in Karahalios specifically held that a federal employee's only remedy for breach of the duty of fair representation was before the FLRA.

"...Neither the language nor the structure of the Act shows any congressional intent to provide a private cause of action to enforce federal employees union's duty of fair representation. That duty is expressly recognized in the Act, and an administrative remedy for its breach is expressly provided for before the FLRA, a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation." Karahalios v. Nat. Fed. of Federal Emp., Local 1263, 109 S.Ct. 1282, 1287 (1989).

"Under § 7118, unfair labor practice complaints are adjudicated by the F.L.R.A., which is authorized to order remedial action to carry out the purposes of Title VII, including an award of back pay against either the agency or the labor organization that has committed the unfair practice." Karahalios, at 1286.

Because unfair representation claims most often involve a claim of breach by the employer and since employers are suable under § 301, the implied fair representation cause of action allows claims against an employer and a union to be adjudicated in one action.

4

Section 301 has no equivalent under Title VII; there is no provision in that Title for suing an agency in federal court." Karahalios at 1288.

The language in Karahalios is specific and unambiguous and leads to only one obvious conclusion, viz., a claim against a union for breach of its duty of fair representation can only be brought before the FLRA - not in state court or federal court. Additionally, actions against a federal agency are similarly circumscribed. Plaintiff's counsel was put on notice of the controlling legal precedent and was even forwarded a copy of the Karahalios opinion. Under these circumstances, any contention that the certification of plaintiff's counsel that "to the best of the signer's knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law" would have a hollow ring.

The goal of Rule 11 is to impose on counsel "a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Industries, Inc., 788 F.2d 151, 157 (3d Cir. 1986). The standard for testing an attorney's conduct under the Rule is "reasonableness under the circumstances." Eavenson, Auchmuty & Greenwald v. Holtzman, 775 F.2d 535, 540 (3d Cir. 1985), cited in, Krushinski v. Roadway Express, Inc., 110 F.R.D. 11, 12 (M.D. Pa. 1985). To comply with the requirements of the Rule, counsel must conduct a reasonable inquiry into the facts and a normally competent level of legal research to support the presentation. Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988).

Accordingly, the court concludes that, based on the information available to plaintiff's counsel, and the history of this litigation in state court, the certification of the

complaint for filing in federal court was unreasonable and in violation of Rule 11. Not only was there a failure to conduct a reasonable inquiry into the facts and exercise a normally competent level of legal research, but also a decision to go forward in the face of controlling authority demonstrating that jurisdiction was lacking. As a result, defendant union was forced to incur legal fees and expenses which it tried vigorously to avoid in advance. I am reluctant to impose sanctions against an attorney but a fair reading of this record allows for no other result.

## SANCTIONS

Once the court determines there has been a violation of Rule 11, it may impose an appropriate sanction, which may include reasonable attorney fees and other reasonable expenses incurred because of the filing of the pleading. Fed.R.Civ.P. 11. The union asked this court to order Loftus to pay the union $886.05, as calculated in its affidavit dated June 18, 1990. See document 22 of record, Affidavit [2], June 18, 1990. Loftus has not contested the figures submitted to this court by the union. Therefore, this court, in finding that Loftus has violated Rule 11, will sanction Loftus in the amount of $886.05 to be paid to the union within thirty (30) days of the date of the accompanying Order. An appropriate Order will enter.

United States District Judge

DATE:

6

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND MORGAN,
    Plaintiff

    v.                                                                CIVIL NO. 89-1832

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
AF of L-CIO, Local 1647 and
the UNITED STATES ARMY,
TOBYHANNA ARMY DEPOT,
    Defendants

## ORDER

NOW, this _17th_ day of January, 1991, IT IS HEREBY ORDERED THAT:

(1)    Defendant Union's "Motion for Rule 11
Sanctions Against Plaintiff's Attorney" is
granted.

(2)    Mr. Loftus shall pay defendant Union in the
amount of $886.05 within thirty (30) days of
the date of this Order.

_____
United States District Judge

7

Certificate of Service

A copy of the aforegoing and/or enclosed Motion to Dismiss, Memorandum in Support of Motion To Dismiss and Proposed Order was served by first class mail postage prepaid by the undersigned on this date on the following:

Andrew J. Ostrowski
Suite 201
2080 Linglestown Road
Harrisburg, PA
17110-9670

date: 01/02/01

Martin R. Cohen

6