IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS JOHNSON<br>　　　Plaintiff, | CIVIL ACTION NO. 1:00 CV-1873 |
| v. | |
| HERSHEL W. GOBER, Acting<br>Secretary Of Veterans Affairs;<br>RODNEY KISCADDEN; ALICE<br>FIDLER; PEG WINTERS; IRVIN<br>ERICKSON; RAYMER KENT; and<br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES<br>LOCAL 1966<br>　　　Defendants | (Judge Kane)<br><br>FILED<br>HARRISBURG<br>JAN 2 2 2001<br>MARY E. D'ANDREA, CLERK<br>Per /s/<br>　　DEPUTY CLERK<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS
OF DEFENDANTS PEG WINTERS AND AMERICAN
FEDERAL OF GOVERNMENT EMPLOYEES LOCAL 1966**

I.　Introduction

　　Plaintiff's six Count Complaint states claims for relief arising out of a continuing pattern of hostile actions and adverse employment actions taken against Plaintiff based upon his race and his prior protected activity. Plaintiff's claims arise under several civil rights statutes that apply in the employment context. See 42 U.S.C. §§1981, 1983, 1985, 1986 and 2000e *et. seq.* Plaintiff does not raise any claims cognizable by the Federal Labor Relations Authority, and the Union and its President are proper Defendants in this case.

**II.    Argument**

Plaintiff has pleaded proper civil rights claims against the Union and Winters. First, Title VII expressly proscribed "unlawful employment practice[s] for a labor organization", and defines those practices as traditional discrimination. See 42 U.S.C. §2000e-2(c). Next, the Third Circuit has recognized the amenability of a union to suit under §1983. See Dykes v. Southeastern Pennsylvania Transp. Auth., 68 F.3d 1564 (3d Cir. 1995). Amenability to suit pursuant to §1985 has also been recognized in Hankins v. City of Philadelphia, 189 F.3d 353 (3d Cir. 199980). Finally, a remedy for discriminatory labor practices has long been recognized under §1981. See e.g. Dupree v. Hutchings Bros., 521 F.2d 236 (5th Cir. 1975).

It is clear in this case that Plaintiff's allegations in paragraphs 11-15 of his Complaint provide the relevant factual background for the involvement of both Winters and the Union in depriving Plaintiff of a position to which he lawfully should have been selected. Plaintiff has clearly alleged an adverse employment action in Count One that is actionable pursuant to Title VII. In Count Two, Plaintiff specifically pleads the Defendants' intent to impair his rights under the terms of the Union contract and to allow him the full and legal benefits under the law, stating a cause of action under 42 U.S.C. §1981. Count Three alleges that the conduct of Defendants was taken under color of law to deprive Plaintiff of the equal protection of the law stating a cause of action under 42 U.S.C. §1983. Counts Four and Five allege an actionable conspiracy and neglect to prevent conspiracy under 42 U.S.C. §1985(3) and 1986.

Inasmuch as Defendants have not challenged the sufficiency of Plaintiff's civil rights claims, and he has not attempted to plead a representation claim, Defendants' Motion is meritless.

### III.  Conclusion

For the foregoing reasons and under the foregoing authorities, Plaintiff respectfully requests that Defendants' Motion be denied.

Respectfully submitted,

Andrew J. Ostrowski, Esquire
I.D. No. 66420
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170
Attorney for Plaintiff

Dated: January 22, 2001

L:\aostrowski\johnson\Brief.opp.doc

L:\aostrowski\johnson\Brief.opp.doc

3

# CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy of the foregoing document, by depositing such in the U.S. Mail, first class, postage prepaid, addressed as follows:

Martin R. Cohen, Esquire
Suite 117, 10 Presidential Blvd.
Bala Cynwyd, PA 19004

By _____
Andrew J. Ostrowski, Esquire
Suite 201, 2080 Linglestown Road
Harrisburg, PA 17110
(717) 540-9170

Dated: January 22, 2001