ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEWIS JOHNSON** | : | CIVIL ACTION NO. 1:CV-00-1873 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | FILED |
| **HERSHEL W. GOBER, Acting** | : | HARRISBURG, PA |
| **Secretary Of Veterans Affairs;** | : | |
| **RODNEY KISCADDEN; ALICE** | : | APR - 2 2001 |
| **FIDLER; PEG WINTERS; IRVIN** | : | |
| **ERICKSON; RAYMER KENT; and** | : | (Judge Kane)  MARY E. D'ANDREA, CLERK |
| **AMERICAN FEDERATION OF** | : | Per _____ Deputy Clerk |
| **GOVERNMENT EMPLOYEES** | : | |
| **LOCAL 1966** | : | **JURY TRIAL DEMANDED** |
| Defendants | : | |



## JOINT CASE MANAGEMENT PLAN

**1.0    Principal Issues**

1.10    Separately for each party, please give a statement summarizing this case:

By Plaintiff(s): Plaintiff Lewis Johnson is an adult African-American male who at all times relevant to his Complaint was employed with the Department of Veterans Affairs at the Veteran Affairs Medical Center in Lebanon, PA ("Lebanon Center"). In or around June 1998 Plaintiff applied for a position vacancy in housekeeping for which he was eligible and qualified, but the position was filled by a non-protected class employee. Prior to his non-selection to the housekeeping position, Plaintiff had registered complaints regarding his perception of a discriminatory and harassing work environment. In accordance with the union contract governing Plaintiff's employment, Plaintiff should have been selected for the position based upon his seniority. Plaintiff's non-selection to the referenced housekeeping position is a continuation of a pattern of harassment and hostile actions by Defendants and others taken against him because of his race. Plaintiff's causes of action arise under Title VII as against the employer and union and under the reconstruction era civil rights statutes against the individual Defendants.

By Defendant(s): This Court lacks subject matter jurisdiction over Defendants AFGE and Winters who contend that Plaintiff's only remedy against them is through the Federal Labor Relations Authority, and that they properly represented Plaintiff. AFGE and Winters have no power to select or not select Plaintiff, an employee, for the position. That power rests with the agency as employer.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11 Plaintiff's contentions as to the involvement of Winters and AFGE in the alleged discriminatory actions.

Agree upon are:

1.20 Plaintiff's employment at the Lebanon Center and membership in AFGE during the relevant times.

1.30 The principal <u>legal</u> issues that the parties <u>dispute</u> are:

1.31 The subject matter jurisdiction of this Court

<u>Agree</u> upon are:

1.40 None.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

<u>Defendants Gober, Kiscadden, Fidler, Kent and Erickson have not entered appearances, and Plaintiff is making efforts to effect proper service.</u>

1.60 Identify any named parties that have not yet been served.

<u>See foregoing response</u>

1.70 Identify any additional parties that:

Plaintiff(s) intends to join: <u>None currently anticipated</u>

Defendant(s) intends to join: <u>None</u>

1.80 Identify any additional claims that:

Plaintiff(s) intends to add: <u>None currently anticipated</u>

Defendant(s) intends to add: <u>None</u>

**2.0   Alternate Dispute Resolution**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use. <u>None</u>

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

<u>Plaintiff believes that this case is appropriate for an ADR procedure, but Defendants AFGE and Winters, believe that important legal issues of first impression in this Circuit militate against ADR.</u>

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

<u>N/A</u>

### 3.0 Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

The parties do not agree to jurisdiction by a magistrate judge of this court.

### 4.0 Disclosures

4.100 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

4.101 Disclosed by: Plaintiff

| | Name | Title/Position |
|---|---|---|
| 4.102 | Plaintiff | |
| 4.103 | Andrew Johnson | Plaintiff's brother |
| 4.104 | Ms. Welshmyer | AFGE national representative |
| 4.105 | Robert Dennis | Union steward |
| 4.106 | Louis Chandler | Housekeeper |
| 4.107 | Barbara Yeich | Ward clerk |
| 4.108 | William Dumas | EEO representative |
| 4.109 | Carolyn McGuigan | Chief of Environmental Services |
| 4.110 | Richard S. Pakola, M.D. | |
| 4.111 | Earl H. Brinser, M.D. | |
| 4.112 | John Snively, LSW | |

4.151  Disclosed by: Defendant

<u>Name</u>              <u>Title/Position</u>

4.152        None

4.200  Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201  Categories of documents disclosed by:  Plaintiff

4.202  <u>Contents of all EEO investigation files</u>

4.251  Categories of documents disclosed by:  Defendant

4.252  None

4.300  <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301  Additional categories of documents Plaintiff will disclose:

4.302  <u>Any discoverable documents that Plaintiff learns exist.</u>

4.351  Additional categories of documents Defendant will disclose:

4.400  Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401  Plaintiff's calculations of damages: <u>Plaintiff seeks all legal remedies for which he may be awarded compensation under the applicable laws which, at the present time, is an unliquidated amount that is not subject to ready computation.</u>

4.402  Defendant's calculations of offset: <u>All earnings and attorney's fees per Karholios.</u>

4.403  Counterclaimant/third party claimant's calculation of damages:

**5.0  Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant affect either on

the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | AFGE and Winters | filed 2//01/01 |

**6.0  Discovery**

6.100  Briefly describe any discovery that has been completed or is in progress:

By Plaintiff(s): <u>None</u>

By Defendant(s): <u>None</u>

6.200  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose of what kinds of information will be developed through it (e.g., "Plaintiff will depose Mr. Jones, Defendant's controller, to learn what Defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

<u>Plaintiff will conduct the depositions of the individual Defendants and other personnel with whom he interacted during the course of his employment.</u>

6.300  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

<u>None presently anticipated.</u>

6.400  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

<u>None at the present time and none anticipated.</u>

6.500  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by Plaintiff(s) and by Defendant(s):

6.501  Depositions (excluding experts) to be taken by:

plaintiff(s):    <u>10</u>    defendant(s):    <u>10</u>

6.502 interrogatories to be served by:

plaintiff(s):    <u>25</u>    defendant(s):    <u>25</u>

      6.503 document production requests to be served by:

          plaintiff(s): <u>25</u>    defendant(s): <u>25</u>

      6.504 requests for admission to be served by:

          plaintiff(s): <u>25</u>    defendant(s): <u>25</u>

6.600  All discovery commenced in time to be completed by: <u>September 30, 2001</u>.

6.700  Reports from retained experts due:

      From plaintiff(s) <u>by October 31, 2001</u>

      From defendant(s) <u>by November 15, 2001</u>

6.800  Supplementations due <u>December 1, 2001</u>

## 7.0 Protective Order

7.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.

      <u>N/A</u>

7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below.

      <u>N/A</u>

## 8.0 Certification of Settlement Authority (All parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority:

Plaintiff  
c/o Andrew J. Ostrowski  
4311 North Sixth Street  
Harrisburg, PA 17110  
(717) 221-9500

Defendants Winters and AFGE  
c/o Martin R. Cohen  
Suite 117, 10 Presidential Blvd.  
Bala Cynwyd, PA 19004  
610-660-0316

## 9.0 Scheduling

9.1 This case may be appropriate for trial in approximately:

___ 240 Days from the filing of this action in this court

___ 365 Days from the filing of this action in this court

_425_ Days from the filing of this action in this court

9.2     Suggested Date for Trial

(month/year)   December 2001

9.3 Suggested Date for the final Pretrial Conference:

(month/year)   November 2001

9.4 Final date for joining additional parties:

Plaintiff(s):    Plaintiff does not anticipate joining additional parties, but reserves the right to do so at any stage upon cause shown, if within the applicable limitations period.

Defendant(s):

9.5 Final Date for amending pleadings:

Plaintiff(s):    Plaintiff does not anticipate amending his pleadings, but reserves the right to do so at any stage upon cause shown, if within the applicable limitations period.

Defendant(s):

9.6 All potentially dispositive motions should be filed by: October 15, 2001

## 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Plaintiff's Motion for Enlargement of Time to Serve Complaint.

04/02/2001 11:08  610-660-0318                AFGE 1 PRES BLVD                                    PAGE  08/08
Apr 02 01 11:48a        Do●●ailey                            717 22●9600                      p.9
Case 1:00-cv-01873-JEJ   Document 13   Filed 04/02/2001   Page 8 of 8

### 11.0 Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party.

**FOR PLAINTIFFS:**

Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110
717 221-9500

**FOR DEFENDANTS:**

Martin Cohen, Esquire
Suite 117, 10 Presidential Blvd.
Bala Cynwyd, PA 19004
610-660-0316

Dated: 4/2/01          _____
                       Attorney for Plaintiff

Dated: 4/2/01          _____
                       Attorney for Defendants