ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON, | : | |
| Plaintiff | : | No. 1:CV-00-1873 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| HERSHEL W. GOBER, Acting Secretary of | : | |
| Veterans Affairs; RODNEY KISCADDEN; | : | |
| ALICE FIDLER; PEG WINTERS; IRVIN | : | |
| ERICKSON; RAYMOND KENT; and AMERICAN | : | |
| FEDERATION OF GOVERNMENT EMPLOYEES | : | |
| LOCAL 1966, | : | |
| Defendants | : | |

FILED
HARRISBURG
JUN 18 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

### ANSWER OF DEFENDANTS GOBER,
### KISCADDEN, FIDLER, ERICKSON, AND KENT

Defendants Hershel W. Gober, the former Acting Secretary of Veterans Affairs, Rodney Kiscadden, Alice Fidler, Irvin Erickson, and Raymond Kent (the "federal defendants"), by their counsel, hereby respond to plaintiff's complaint as follows.

1. **ADMITTED.**

2. **DENIED.** It is **ADMITTED** that Hershel W. Gober had been the Acting Secretary of the Department of Veterans Affairs. By way of further answer, Anthony Principi is the current Secretary of the Department of Veterans Affairs.[1]

3. **ADMITTED.**

4. **ADMITTED.**

---

[1] To the extent that plaintiff is seeking to sue the head of the Department of Veterans Affairs in his official capacity, then Secretary Principi should be substituted for Hershel Gober.

5.  **ADMITTED** with the exception that it is **DENIED** that Fidler was plaintiff's direct supervisor.

6.  **ADMITTED**.

7.  **ADMITTED** with the exception that it is **DENIED** that Erickson was plaintiff's direct supervisor.

8.  **ADMITTED**.

9.  **ADMITTED**.

10.  **ADMITTED**.

11.  **ADMITTED**.

12.  **ADMITTED** other than as to plaintiff's averment that the selected candidate was a "non-protected class employee," which phrase states a conclusion of law that requires no response.

13.  **ADMITTED** although it is **DENIED** that plaintiff's perceptions were correct.

14.  **DENIED**.

15.  It is **ADMITTED** that the position was not filled based on seniority. Otherwise, **DENIED**.

16.  **DENIED**.

17.  Paragraph 17 states a conclusion of law that requires no response; to the extent deemed factual, however, **DENIED**.

18.  The federal defendants incorporate their responses to paragraphs 1 through 17 by reference.

2

19-23.  Paragraphs 19 through 23 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

24.  The federal defendants incorporate their responses to paragraphs 1 through 23 by reference.

25-29.  Paragraphs 25 through 29 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

30.  The federal defendants incorporate their responses to paragraphs 1 through 29 by reference.

31-34.  Paragraphs 31 through 34 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

35.  The federal defendants incorporate their responses to paragraphs 1 through 34 by reference.

36-39.  Paragraphs 36 through 39 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

40.  The federal defendants incorporate their responses to paragraphs 1 through 39 by reference.

41-44.  Paragraphs 41 through 44 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

45.  The federal defendants incorporate their responses to paragraphs 1 through 44 by reference.

46-48.  Paragraphs 46 through 48 state conclusions of law that require no response; to the extent deemed factual, however, **DENIED**.

## FIRST DEFENSE

All defendants, except the Secretary of the Department of Veterans Affairs in his official capacity only, are improper parties and should be dismissed from the case.

## SECOND DEFENSE

Title VII is the exclusive means by which a federal employee can challenge employment actions; therefore, all of plaintiff's non-Title VII claims should be dismissed.

## THIRD DEFENSE

To the extent plaintiff did not bring any of his complaints of discrimination or hostile work environment or any other adverse actions, conduct, retaliation, etc. to an Equal Employment Opportunity (EEO) Counselor within forty-five days of the allegedly improper conduct or action, plaintiff has not exhausted his administrative remedies and his Title VII claims are barred.

## FOURTH DEFENSE

Plaintiff has failed to timely and completely exhaust his administrative remedies as to all of his claims, including, but not limited to, his claim of constructive discharge.

## FIFTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies as to his demand for compensatory damages.

## SIXTH DEFENSE

To the extent plaintiff is raising tort claims, plaintiff is barred from bringing them for failure to sue the correct party and for failure to exhaust his administrative remedies.

## SEVENTH DEFENSE

The complaint, in whole or in part, fails to state a claim.

## EIGHTH DEFENSE

Plaintiff's non-Title VII claims, in whole or in part, are barred by the statute of limitations.

## NINTH DEFENSE

The individual federal defendants are entitled to qualified immunity.

## TENTH DEFENSE

The complaint should be dismissed for improper service.

Wherefore, defendants request that judgment be entered in their favor and that they be awarded their costs.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
717/221-4482

Date: June 18, 2001

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEWIS JOHNSON,
   Plaintiff     :  No. 1:CV-00-1873
            :
 v.         :  (Judge Kane)
            :
HERSHEL W. GOBER, Acting Secretary of :
Veterans Affairs; et al.,    :
   Defendants     :

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

  That this 18th day of June, 2001, she served a copy of the attached

### ANSWER OF DEFENDANTS GOBER, KISCADDEN, FIDLER, ERICKSON, AND KENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Harrisburg, Pennsylvania.

Addressees:

Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Suite 102
Harrisburg, PA  17110

Martin R. Cohen, Esquire
Assistant General Counsel
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
Ten Presidential Blvd.
Suite 117
Bala Cynward, PA  19004

                KATE L. MERSHIMER
                Assistant U.S. Attorney