**ORIGINAL**

FILED
HARRISBURG 6/20/01

JUN 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON, | : | |
| Plaintiff | : | No. 1:CV-00-1873 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| HERSHEL W. GOBER, Acting Secretary of | : | |
| Veterans Affairs; RODNEY KISCADDEN; | : | |
| ALICE FIDLER; PEG WINTERS; IRVIN | : | |
| ERICKSON; RAYMOND KENT; and AMERICAN | : | |
| FEDERATION OF GOVERNMENT EMPLOYEES | : | |
| LOCAL 1966, | : | |
| Defendants | : | |

## FEDERAL DEFENDANTS' CASE MANAGEMENT REPORT

This is an abbreviated Case Management Report filed solely by the federal defendants, Hershel W. Gober, the former Acting Secretary of Veterans Affairs, Rodney Kiscadden, Alice Fidler, Irvin Erickson, and Raymond Kent. The federal defendants note that they were never served with the Court's order scheduling a Case Management Conference for 9:30 a.m. on June 27, 2001, and discovered the existence of the order early this week. Due to defense counsel's other case obligations and the fact that the undersigned is out of the office from June 21, 2001 through June 25, 2001, there was no time for defense counsel to meet with plaintiff's counsel and the other defendants' counsel and to prepare a joint case management plan.

Accordingly, the federal defendants are submitting this abbreviated case management report on their own behalf so as to advise the Court of the pertinent legal issues they see existing in this case.

**1.0. Principal Issues.**

    1.10.  Separately for each party, please give a statement summarizing this case:

By Plaintiff(s): N/A

By Federal Defendant(s):

Plaintiff had been employed as a Housekeeping Aid at the Lebanon Medical center at the Department of Veterans Affairs. Between 1998 and 2000, plaintiff filed three EEO cases, involving four claims of race discrimination and/or reprisal, as to his employment. The claims involved alleged harassment by a co-worker, the failure to receive a monetary reward for a special project, the failure to be selected for a position (a lateral transfer), and disparate treatment/reprisal regarding the processing of plaintiff's Office of Worker's Compensation (OWCP) Disability Claim. The first two claims were dismissed as either failing to constitute an adverse action or failing to be timely reported to an EEO counselor. The non-selection claim was denied after an EEO hearing. The last claim, the OWCP matter, was denied as being a Department of Labor matter.

In 2000, plaintiff was removed from his position with the VA due to his exhausting his Leave Without Pay (LWOP) without returning to VA employment. Plaintiff had used the maximum amount of LWOP: one year. Plaintiff currently is seeking disability retirement due to a medical condition.

Plaintiff has now filed a variety of claims against a variety of persons regarding the perceived employment discrimination he claims to have suffered. It is the federal defendants' position that plaintiff can pursue only a Title VII claim against the VA and that the

individual defendants and the union should be dismissed from the case. Additionally, due to plaintiff's failure to have suffered an adverse employment action or to have timely pursued his claims with an EEO counselor, all or most of plaintiff's Title VII claims should be dismissed. Last, as to plaintiff's constructive discharge clai, that also should be dismissed for failure to exhaust administrative remedies.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11  N/A.


<u>Agree</u> upon are:

1.20  N/A.


1.30.  The principal <u>legal</u> issues are:

    1.31  Whether plaintiff's employment claims can proceed only under Title VII, if at all.

    1.32  Whether the individual defendants, plus the union, should be dismissed as the only proper defendant is the Secretary of the Department of Veterans Affairs.[1]

    1.33  Whether plaintiff has exhausted his administrative remedies.

    1.34  Whether service has been properly effectuated against the federal defendants.

    <u>Agree</u> upon are:

1.40  N/A.

1.50.  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

---

[1] To the extent that plaintiff is seeking to sue the head of the Department of Veterans Affairs in his official capacity, then Secretary Principi should be substituted for Hershel Gober.

3

There is a question whether the federal defendants were properly and timely served. There are also questions as to whether plaintiff's failure to properly exhaust his administrative remedies bars most, if not all, of plaintiff's claims. Defense counsel is unsure at this point in time whether some of plaintiff's claims are barred because they should be raised in a different forum, such as with the Department of Labor.

1.60. Identify any named parties that have not yet been served:

None.

1.70. Identify any additional parties that:

plaintiff(s) intend to join:    N/A

defendant(s) intend to join:    None.

1.80. Identify any additional claims that:

plaintiff(s) intend to add:    N/A.

defendant(s) intend to add:    None.

**2.0. Alternative Dispute Resolution ("ADR").**

2.10. Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure _____None_____.

Date ADR to be commenced _____.
Date ADR to be completed _____.

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:    N/A.

4

    2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**3.0. Consent to Jurisdiction by a Magistrate Judge.**

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this Court: _____ YES __X__ NO

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ____ Scranton
    ____ Wilkes-Barre
    ____ Harrisburg

**4.0. Disclosures.**

    4.100. Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed:

        4.101. Disclosed by plaintiff:

            <u>Name</u>                  <u>Title/Position</u>

        4.102    Unknown.

        4.151. Disclosed by federal defendants:

            <u>Name</u>                  <u>Title/Position</u>

        4.152    The named defendants.[2]

---

[2] As noted above, due to just having filed an answer and learning of the June 27, 2001 case management conference, counsel for the federal defendants has been unable to obtain relevant information to satisfy this request any further than identifying those individuals who have been sued.

4.200. Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201    Categories of documents disclosed by plaintiff:

    4.202    Unknown.

    4.251    Categories of documents disclosed by federal defendant:

    4.252    None at this time.

4.300. **Additional Documents Disclosures**. Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301    Additional categories of documents plaintiff will disclose:

    4.302    Unknown.

    4.351    Additional categories of documents federal defendant will disclose:

    4.352    EEO files and OWCP materials that are non-privileged.

4.400. Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or the offset:

    4.401    Plaintiff's calculation of damages:   Unknown.

    4.402    Defendant's calculation of offset:   Unknown.

    4.403    Counter-claimant/third-party claimant's calculation of damages:   N/A

**5.0. Motions.**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Dismiss/ SJ re exhaustion issues | Federal Defendants | July 2001 |
| Motion for Summary Judgment | Federal Defendants | Conclusion of discovery: 2/15/02 |

**6.0. Discovery.**

    6.100. Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s): None as of yet.

        By defendant(s): None as of yet.

    6.200. Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        Plaintiff: Unknown

        Defendant: Deposition of plaintiff; interrogatories and document request to plaintiff; depositions of plaintiff's witnesses.

    6.300. Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: Unknown.

6.400. Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation.

Unknown at this time.

6.500. For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing. Where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s).

    6.501 Depositions (excluding experts) to be taken by:

        Plaintiff(s): 10    Defendant(s): 10

    6.502 Interrogatories to be served by:

        Plaintiff(s): 25    Defendant(s): 25

    6.503 Document production requests to be served by:

        Plaintiff(s): 25    Defendant(s): 25

    6.504 Requests for admissions to be served by:

        Plaintiff(s): 40    Defendant(s): 40

6.600. All discovery commenced in time to be completed by:

January 31, 2002

6.700. Reports from retained experts due:

From plaintiff(s) by: February 28, 2002

From defendant(s) by: March 29, 2002

6.800. Supplementations due: April 19, 2002

**7.0. Protective Order.**

    7.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order.

        None at this time.

    7.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0. Certification of Settlement Authority (All Parties Shall Complete the Certification).**

I hereby certify that the following individual(s) have settlement authority:

**FOR THE PLAINTIFFS:**

Unknown

**FOR THE UNION DEFENDANTS:**

Unknown

**FOR THE FEDERAL DEFENDANTS:**

MARTIN C. CARLSON, United States Attorney
Kate L. Mershimer, Assistant U.S. Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

    Also:  The Department of Veterans' Affairs

**9.0. Scheduling.**

    9.1.  This case may be appropriate for trial in approximately:

        ___ 240 days from the filing of the complaint

        ___ 365 days from the filing of the complaint

        ___ Days from the filing of the action in this court

9.2 Suggested date for Trial:

   6/02  (Month/year)

9.3 Suggested date for the final Pretrial Conference

   5/02  (Month/year)

9.4. Final date for joining additional parties:

   8/1/01  Plaintiff(s)

   N/A    Defendant(s)

9.5. Final date for amending pleadings:

   8/1/01  Plaintiff(s)

   N/A  Defendant(s)

9.6. All potentially dispositive motions should be filed by:

   2/15/02

**10.0. Other matters.**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Unknown at this time.

**11.0. Identification of Lead Counsel.**

Identify by name, address, and telephone number, lead counsel for each party.

**FOR PLAINTIFF:**    Andrew J. Ostrowski, Esquire
            4311 North Sixth Street
            Suite 102
            Harrisburg, PA  17110

```
FOR UNIONS DEFTS:    Martin R. Cohen, Esquire
                     Assistant General Counsel
                     AMERICAN FEDERATION OF
                     GOVERNMENT EMPLOYEES
                     Ten Presidential Blvd.
                     Suite 117
                     Bala Cynward, PA  19004

FOR FEDERAL DEFTS:   Kate L. Mershimer, AUSA
                     United States Attorneys Office
                     228 Walnut Street
                     P.O. Box 11754
                     Harrisburg, PA 17108-1754
                     717/221-4482
```

Dated: _____
       Kate L. Mershimer, AUSA
       Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS JOHNSON,<br>    Plaintiff<br><br>v.<br><br>HERSHEL W. GOBER, Acting Secretary of<br>Veterans Affairs; et al.,<br>    Defendants | No. 1:CV-00-1873<br><br>(Judge Kane) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 20th day of June, 2001, she served a copy of the attached

**FEDERAL DEFENDANTS' CASE MANAGEMENT REPORT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Harrisburg, Pennsylvania.

Addressees:

Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Suite 102
Harrisburg, PA 17110

Martin R. Cohen, Esquire
Assistant General Counsel
AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
Ten Presidential Blvd.
Suite 117
Bala Cynward, PA 19004

_____
KATE L. MERSHIMER
Assistant U.S. Attorney