IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON, | : | 1:CV-00-1873 |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| ANTHONY J. PRINCIPI, Secretary of Veterans Affairs; RODNEY KISCADDEN; ALICE FIDLER; PEG WINTERS; IRVIN ERICKSON; RAYMER KENT; and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1966, | : : : : | FILED WILLIAMSPORT, PA SEP 1 7 2001 |
| Defendants | : | MARY E. D'ANDREA, CLERK Per_____ DEPUTY CLERK |

**M E M O R A N D U M**

September 17, 2001

**BACKGROUND:**

On October 24, 2000, plaintiff Lewis Johnson, a black male employee of the Department of Veterans' Affairs, filed a complaint against Hershel W. Gober, the Acting Secretary of Veterans Affairs,[1] three of Johnson's supervisors, namely Rodney Kiscadden, Alice Fidler and Irvin Erickson, the Human Resources Manager at the Lebanon Center where plaintiff was employed, Raymer Kent, and also the American Federation of Government Employees Local 1966, of which plaintiff was a member, and its president, Peg Winters.

---

[1] As the court believes Hershel W. Gober was sued solely in his official capacity as Acting Secretary of Veterans Affairs, he has been replaced in the caption and as a party by Anthony J. Principi, the current Secretary, Fed. R. Civ. P. 25(d).

The complaint alleges in six counts that plaintiff has been subjected to a pattern of harassment and hostile actions by defendants and others taken against him because of his race.

On January 3, 2001, defendants Peg Winters and American Federation of Government Employees Local 1966 (the "Union Defendants") filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and assert that this court is without subject matter jurisdiction, as all such claims, being asserted by a federal employee against his federal sector union and its president are under the exclusive jurisdiction of the Federal Labor Relations Authority (FLRA). This motion has been fully briefed.

The judge to whom the case was initially assigned entered a recusal order on June 27, 2001, and the case was then reassigned to the undersigned judge.

The Supreme Court of the United States in <u>Karahalios v. Federal Employees</u>, 489 U.S. 527 (1989), held that Title VII of the Civil Service Reform Act of 1978 (CSRA) does not confer on federal employees a private cause of action against a breach by a union representing such employees of its statutory duty of fair representation. A breach of the duty of fair representation is an unfair labor practice, and the Supreme Court held that Congress vested exclusive enforcement authority with respect to such matters in the Federal Labor Relations Authority (FLRA) and its general counsel.

The Union Defendants contend that any form of discrimination by a federal union is prohibited as an unfair labor practice under varying sections of the Federal Service Labor-Management Relations Statute (FSLMRS), citing specifically to 5 U.S.C. § 7116(b)(4), 7116(b)(1), 7116(b)(2) and particularly 7114(a)(1) which prohibits a certified union from any discrimination in representing the interests of union employees. As a violation of that section is clearly an unfair labor practice under 5 U.S.C. § 7116(b)(8), the Union Defendants conclude that the exclusive scheme for remedying any acts of discrimination lies under the FSLMRS.

Plaintiff responds that he has not attempted to plead a representation claim, but rather has brought his claim under various Civil Rights statutes that apply in the employment context, namely 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 2000e, et seq.

In their reply brief, the Union Defendants pointed to several other bases for dismissal of the action as against them. However, the court believes that it need not address the merits of such additional argument, as all of the accusations of the plaintiff against the Union Defendants with respect to discrimination on the basis of race in the context of his employment necessarily assert a violation of the duty of such defendants to provide fair representation to the plaintiff with

3

respect to employment matters. Fair representation clearly includes representation "without discrimination," 5 U.S.C. § 7114(a)(1).

The motion to dismiss filed on behalf of the union defendants will therefore be granted on the basis of the absence of subject matter jurisdiction.[2]

An order will issue consistent with this memorandum.

James F. McClure, Jr.
United States District Judge

---

[2] The court notes that the Union Defendants, in their reply brief also alluded to the United States Supreme Court case of Brown v. General Services Administration, 425 U.S. 820 (1976), which held that Section 717 of the Civil Rights Act of 1964, as added by Section 11 of the Equal Employment Opportunity Act of 1972, Pub. L. No. 92-261 (codified at 42 U.S.C. § 2000e-16) is the exclusive remedy available to an individual federal employee complaining of job related discrimination. Brown was then followed in the Third Circuit in Gissen v. Tackman, 537 F.2d 784 (3d Cir. 1976) (en banc), in which it dismissed a similar complaint for lack of subject matter jurisdiction. In that case, Gissen had failed to seek any administrative relief before filing his complaint in federal court. Here, the plaintiff has not alleged in his complaint that he filed an administrative EEO complaint with his employing agency as required before bringing this court action. In their answer to the complaint and again in their case management plan, the federal defendants have asserted that the plaintiff has failed to timely and completely exhaust his administrative remedies as to all of his claims, and that, therefore, the case should be dismissed as against them. Although the court could, *sua sponte*, dismiss the case and, indeed, must do so whenever it is convinced it lacks subject matter jurisdiction, it is reluctant to do so without having the issue briefed by the affected parties. In the federal defendants' case management report, filed June 20, 2001, the federal defendants indicated their intent to file a motion to dismiss or a motion for summary judgment with respect to the exhaustion issues some time in July 2001, but none has as yet been forthcoming.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON, | : | 1:CV-00-1873 |
| Plaintiff | : | (Judge McClure) |
| v. | : | |
| ANTHONY J. PRINCIPI, Secretary of Veterans Affairs; RODNEY KISCADDEN; ALICE FIDLER; PEG WINTERS; IRVIN ERICKSON; RAYMER KENT; and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1966, | : | FILED WILLIAMSPORT, PA<br><br>SEP 1 7 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |
| Defendants | : | |

**O R D E R**

September 17, 2001

For the reasons set forth in the foregoing memorandum,

**IT IS ORDERED THAT:**

1. The motion of defendants Peg Winters and American Federation of Government Employees Local 1966 to dismiss the complaint as to them under Fed. R. Civ. P. 12(b)(1) (record document no. 4, filed January 3, 2001) is granted.

2. The complaint is dismissed as against Peg Winters and American Federation of Government Employees Local 1966 for lack of subject matter jurisdiction.

3. The scheduling order of July 27, 2001 is unaffected by this order, and is reconfirmed.

James F. McClure, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 17, 2001

Re: 1:00-cv-01873   Johnson v. Gober

True and correct copies of the attached were mailed by the clerk to the following:

Andrew J. Ostrowski, Esq.
4311 N. 6th St.
Harrisburg, PA  17110

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa  17108

Martin R. Cohen, Esq.
American Federation of Government Employees
Assistant General Counsel
Ten Presidential Blvd
Bala Cynwyd, PA  19004

Mark D. Roth, Esq.
80 "F" Street, N.W.
Washington, DC  20001

```
cc:
Judge                            ( )        ( ) Pro Se Law Clerk
Magistrate Judge                 ( )        ( ) INS
U.S. Marshal                     ( )        ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5              ( )
```

```
Order to Show Cause      ( ) with Petition attached & mailed certified mail
                              to:  US Atty Gen   ( )   PA Atty Gen  ( )
                                   DA of County  ( )   Respondents  ( )
Bankruptcy Court         ( )
Other_____  ( )
                                                    MARY E. D'ANDREA, Clerk


DATE:    9/17/01                             BY:  _____
                                                       Deputy Clerk
```