Law Clerk's Copy

FILED
HARRISBURG, PA

MAR 27 2002

MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS JOHNSON,<br>    Plaintiff | No. 1:CV-00-1873 |
| v. | (Judge McClure) |
| HERSHEL W. GOBER, Acting Secretary of<br>Veterans Affairs; et al.,<br>    Defendants | |

**DEFENDANTS' UNOPPOSED MOTION TO AUTHORIZE/COMPEL
TESTIMONY OF PLAINTIFF'S MEDICAL PRACTITIONERS
REGARDING PLAINTIFF'S MENTAL AND/OR PHYSICAL ISSUES**

Defendants, Hershel W. Gober, the former Acting Secretary of Veterans Affairs, plus Rodney Kiscadden, Alice Fidler, Irvin Erickson, and Raymond Kent, current or former employees of the Lebanon Medical Center at the Department of Veterans Affairs, hereby request this Court to issue an order authorizing and/or compelling plaintiff's treating medical practitioners to testify and to provide information concerning plaintiff's past and present mental and physical conditions, statements, treatment, diagnoses and opinions, and prognoses, including the bases for the foregoing. The reasons for this motion are as follows:

1. This case involves employment discrimination claims filed by Lewis Johnson, a former employee of the Lebanon Medical Center at the Department of Veterans Affairs. In general, Johnson claims that he was denied a housekeeping position due to his race; was subjected to a racially hostile work environment, which

included alleged interference with his Workers' Compensation claim; and was constructively discharged from the VA.

2. Related to the Workers' Compensation aspect of his claim, Johnson had sought benefits for psychological treatment he had received for depression.[1]

3. As part of his lawsuit, Johnson claims that he has suffered and will continue to suffer from "severe emotional distress," plus "stress-related illnesses and the exacerbation of existing medical conditions." Complaint, ¶22, 28, 33, 38.

4. Clearly, Johnson has placed his medical condition regarding his mental health at issue in this case. Indeed, Johnson acknowledged this by signing a medical release authorizing all of his treatment records to be produced to defense counsel and her agents, medical personnel, and the Court. (See Exhibit A).

5. Over the past week or so, defense counsel and a Paralegal Specialist have been attempting to schedule the depositions of Johnson's various treating medical practitioners.

6. While some personnel have been cooperative, others, such as Dr. Richard Pakola, have not. Dr. Pakola initially indicated on March 21, 2002, that he would not testify at all. Then Dr. Pakola indicated he would only answer questions by referring counsel to the medical records and stating nothing more.

---

[1] Defense counsel notes that when Johnson sought Workers' Compensation benefits from the VA, Johnson's treating psychologist, Dr. Pakola, stated that the condition for which Johnson was seeking compensation was **preexisting** but had been aggravated by perceived harassment.

2

7. Dr. Pakola subsequently called back on March 25, 2002, and stated that on the advice of legal counsel from Philhaven (the mental health facility where Johnson was treated), he would not testify without a court order.

8. Subsequently, another treating medical practitioner has indicated that she would consult with Philhaven counsel before agreeing to be deposed. Further, Philhaven personnel have sent defense counsel declining to respond to defense counsel's subpoena for medical records on the ground that the release provided to it (Exh. A) was not specific enough.

9. Accordingly, defense counsel now seeks a court order authorizing and requiring Johnson's medical practitioners to provide testimony regarding plaintiff's past and present mental and physical conditions, statements, treatment, diagnoses and opinions, and prognoses, including the bases for the foregoing.

10. By filing his lawsuit, plaintiff has waived any psychologist-patient privilege he may have under federal or state law. See O'Boyle v. Jensen, 150 F.R.D. 519, 521-24 (M.D. Pa. 1993)(McClure, J.); Premack v. J.C.J. Ogar, Inc., 148 F.R.D. 140, 145 (E.D. Pa. 1993); Krause v. Taylor, 710 A.2d 1142, 1144-45 (Pa. Super. 1998); Rost v. State Bd. of Psychology, 659 A.2d 626 (Pa. Cmwlth. 1995).

11. On March 25 and 26, 2002, defense counsel contacted plaintiff's counsel, Andrew J. Ostrowski, Esquire, to request his concurrence in the foregoing motion. Mr. Ostrowski **does** concur.

Wherefore, defendants request that this Court issue an order authorizing and/or compelling plaintiff's treating medical practitioners to testify and to provide information concerning plaintiff's past and present mental and physical conditions, statements, treatment, diagnoses and opinions, and prognoses, including the bases for the foregoing.

Respectfully submitted,

MARTIN C. CARLSON
Assistant U.S. Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut St., 2nd Fl.
P.O. Box 11754
Harrisburg, PA 17108-1754
717-221-4482

Date: March 27, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEWIS JOHNSON,
    Plaintiff

    v.

HERSHEL W. GOBER, Acting Secretary of
Veterans Affairs; RODNEY KISCADDEN;
ALICE FIDLER; PEG WINTERS; IRVIN
ERICKSON; RAYMOND KENT; and AMERICAN
FEDERATION OF GOVERNMENT EMPLOYEES
LOCAL 1966,
    Defendants

No. 1:CV-00-1873

(Judge McClure)

## AUTHORIZATION TO RELEASE MEDICAL RECORDS INCLUDING MENTAL HEALTH CARE RECORDS

RE: LEWIS JOHNSON
SSN: 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
TO: WHOM IT MAY CONCERN/CUSTODIAN OF RECORDS

You are hereby authorized to furnish the United States Attorney's Office for the Middle District of Pennsylvania, 228 Walnut Street, P.O. Box 11754, Harrisburg, Pennsylvania, 17108, or any representative thereof, any and all medical records, including all laboratory reports, x-rays, x-ray reports, progress notes, correspondence, consultation requests and reports, operative reports, itemized bills, all outpatient records, clinic notes, test results, notes of treatment, or any other documents in my medical file, and, if requested, to allow them, and/or any physician appointed by them, to examine and photocopy any records that you may have regarding my condition or treatment. **Medical records related to my evaluation, diagnosis, and/or treatment concerning my mental health/rehabilitation should also be released to the United States Attorney's Office.**

I have authorized this release because the information is needed for litigation pending in the above-captioned action in the United States District Court for the Middle District of Pennsylvania, which litigation I have initiated. This litigation has placed my physical and mental condition at issue and, therefore, I hereby waive any privilege I have to said information to said attorneys. Dissemination of any records provided by you shall be limited to defense counsel (including the United States Attorney's Office) and their staff and agents, including medical personnel; my counsel and their staff and agents; and the United States Middle District of Pennsylvania District Court for the sole and narrow purpose of the above-described litigation.

This Authorization is made knowingly and pursuant to, <u>inter alia</u>, 50 P.S. §7111 (Purdon's 2001). This Release shall expire one (1) year after the date of the signature.

A photocopy of this authorization shall be considered as effective and valid as the original.

_Lewis H. Johnson_
NAME - LEWIS JOHNSON

_1025 Harmony Hill Dr._
ADDRESS

_Lebanon, PA 17046_

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
Social Security Number

Date: _3/14/02_

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS JOHNSON,<br>    Plaintiff | No. 1:CV-00-1873 |
| v. | (Judge McClure) |
| HERSHEL W. GOBER, Acting Secretary of<br>Veterans Affairs; et al.,<br>    Defendants | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 27th day of March, 2002, she served a copy of the attached

**DEFENDANTS' UNOPPOSED MOTION TO AUTHORIZE/COMPEL TESTIMONY OF PLAINTIFF'S MEDICAL PRACTITIONERS REGARDING PLAINTIFF'S MENTAL AND/OR PHYSICAL ISSUES**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Harrisburg, Pennsylvania.

Addressee:

Andrew J. Ostrowski, Esquire
4311 North Sixth Street
Harrisburg, PA 17110

KATE L. MERSHIMER
Assistant U.S. Attorney