# ORIGINAL

FILED
HARRISBURG, PA

JUL 2 9 2002

MARY E. D'ANDREA, CLERK
Per_____

40
7/30/0

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON | : | CIVIL ACTION NO. 1:CV-00-1873 |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY PRINCIPI, | : | **JUDGE McCLURE** |
| **Secretary Of Veterans Affairs, et. al.,** | : | |
| | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Local Rule 56.1 requires that a motion for summary judgment must be accompanied by a separate *short* and *concise* statement of the material facts as to which the parties contend there is no genuine issue to be tried. Shortness and conciseness are ostensibly required to readily permit a simple admission and/or denial without unnecessary qualification and prolixity in response. Plaintiff therefore objects to Defendants' Statement of Undisputed Material Facts to the extent that they are neither short nor concise and/or are not material for purposes of Defendants' Motion.

To facilitate disposition of Defendants' Motion, the matters admitted by Plaintiff are to be taken as true for summary judgment purposes only, and Plaintiff reserves the right to test all Defendants' evidence at the time of trial.

1. Admitted

2. Admitted

3.  Admitted

4.  Admitted

5.  Admitted

6.  Admitted

7.  Admitted

8.  Admitted

9.  Admitted

10.  Admitted

11.  Admitted

12.  Admitted

13.  Admitted.

14.  Admitted with the clarification that the Lebanon Center has used another means of filling vacancies in housekeeping positions on the basis of seniority.  In this process, all housekeeping vacancies are offered first to other housekeepers who can fill the position on the basis of seniority before the position is posted generally.  See Kiscadden deposition, p. 52-54.

15.  Admitted

16.  Admitted

17.  Admitted in part and denied in part.  It is admitted that reassignments in a RIF are done based upon seniority, but it is denied that that is the only time seniority is a dispositive factor in reassignments.  As indicated in the deposition of Raymer Kent, the position at issue in this case should have been governed by the seniority provisions of Article 12.  The RIF procedure

to which Defendants refer is simply a memorialization of how reassignments are conducted in general.

18.    Admitted

19.    Admitted

20.    Admitted

21.    Denied.  Hypothetical "possibilities" are not material to any issues in this case, and are therefore denied.

22.    Denied.  Again, hypothetical circumstances are not material to any issues in this case, and are therefore denied.

23.    Admitted in part.  It is admitted that Hull was selected, and that the process was conducted as competitive; however, pursuant to a standing practice in housekeeping, the position should have been filled on the basis of seniority due to a standing practice in the VA that housekeeping positions were first offered to other housekeepers on the basis of seniority before being posted generally.  *See Kiscadden deposition, pp. 52-54.*  Moreover, Johnson had more experience than Hull as well and, even if he should not have gotten the job based upon his seniority, Johnson should have been selected on purely competitive procedures.

24.    Denied.  See preceding response.

25.    Admitted in part.  It is admitted that Johnson believed the MOU governed the selection process because he was told that it did.  Defendants' recitation of this fact simply confirms a factual issue that must be resolved at the time of trial.  Moreover, the MOU was consistent with the practice as stated in the deposition of Mr. Kiscadden.

26.    Admitted

27.   Admitted

28.   Admitted

29.   Admitted

30.   Admitted with the clarification that Johnson was rated highest among the applicants.

31.   Admitted with the clarification that the VA Lebanon Center followed a seniority-based practice through which Johnson should have been selected for the position.

32.   Admitted

33.   Admitted

34.   Admitted

35.   Admitted

36.   Admitted

37.   Admitted

38.   Admitted

39.   Admitted

40.   Admitted

41.   Admitted with the clarification that the seniority-based practice of offering positions in housekeeping to housekeepers at the same grade remained in existence during this time. Kiscadden Dep., pp. 53-54.

42.   Admitted

43.   Admitted

44.   Admitted

45.    Admitted with the clarification that the latter two criteria were added by Fidler as a means to support the selection of Hull.  Johnson was rated higher by the initial review panel, see deposition exhibit , and he and Hull had the same score on their KSAO's.  At that point, Johnson could have and should have been selected for the position, particularly given his seniority; however, Fidler added "supplemental" and "float observations" to the selection criteria, and scored Hull higher in these two subjective areas.

46.    Admitted that she testified as such; however, in light of her past statements showing a racial bias, there is an issue of fact as to her true motivations.

47.    Admitted that she testified as such; however, in light of her past statements showing a racial bias, there is an issue of fact as to her true motivations.

48.    Admitted that she testified as such; however, in light of her past statements showing a racial bias, there is an issue of fact as to her true motivations.

49.    Admitted that she testified as such; however, in light of her past statements showing a racial bias, there is an issue of fact as to her true motivations.

50.    Admitted that she testified as such; however, in light of her past statements showing a racial bias, there is an issue of fact as to her true motivations.

51.    Admitted that Kohr's affidavit so states; however, in light of Fidler's past statements showing a racial bias, there is an issue of fact as to the true motivations for this action.

52.    Admitted in part.  Plaintiff has also shown a history of racially discriminatory treatment while employed at the VA.

53.    Admitted

54.    Admitted

55.    Admitted

56.    Admitted

57.    Admitted

58.    Admitted

59.    Denied.  Plaintiff has shown a history of racially disparate treatment, and has demonstrated that certain individuals orchestrated the selection process to legitimize his non-selection for the housekeeping position on 19-3 when, consistent with prior practice, that existed at all times through the present, Johnson should have been selected for the position on the basis of his seniority before the position was even posted.

60.    Admitted

61.    Admitted

62.    Admitted

63.    Admitted

64.    Admitted

65.    Admitted

66.    Admitted

67.    Admitted

68.    Admitted

69.    Admitted in part.  Johnson went into the nurses bathroom after he was assaulted by Erickson and shoved around the nurses' station.

70.    Admitted in part.  The only dispute comes from Erickson's equivocation on this issue. Johnson at all times has said that Erickson contacted him.

71.    Admitted

72.    Admitted

73.    Admitted

74.    Admitted that Erickson so stated; however, Johnson has indicated that he felt he was being stalked by Erickson at this point because there was no reason that Erickson should have been in Johnson's work area, particularly after he was allegedly warned to stay away from Johnson.

75.    Admitted with the clarification that an issue of fact exists based upon Kiscadden's statement as to whether Erickson was ever given the counseling in October.

76.    Admitted.  See foregoing response.

77.    Admitted

78.    Admitted

79.    Admitted.  By way of further answer, Plaintiff requested that the dismissed allegations be consolidated with the allegations in his 1998 non-selection complaint which had been scheduled for a hearing in June, 2000.  The administrative Judge agreed to consider consolidation, but never formally ruled on Plaintiff's Motion.  Plaintiff and the agency thereafter considered all agency charges as if they had been consolidated.  See App. 1-10.

80.    Admitted.  See preceding response.

81.    Admitted.  See preceding response.

82.    Denied.  See App. 1-10.

83.    Admitted with clarification – Refer to #79-82.

84.    Denied.  See # 79-82 and App. 1-10.

85.    Admitted

86.    Admitted

87.    Admitted

88.    Admitted

89.    Admitted

90.    Admitted

91.    Admitted

92.    Admitted

93.    Admitted

94.    Admitted

95.    Admitted that is what Stuckey says.

96.    Admitted that is what Stuckey says.

97.    Admitted that is what Stuckey says.

98.    Admitted

99.    Admitted that is what Stuckey says.

100.    Admitted that is what Stuckey says.

101.    Admitted that is what Kent says.

102.    Admitted with the clarification that Johnson had signed a release for the VA to obtain all

necessary medical information from Philhaven, and that Stuckey refused to get the information

to which he had access.  Moreover, to the extent that Stuckey had any questions or concerns,

Plaintiff and his representative remained available at all times to assist his processing.

103.    See preceding response.

104.    See preceding response.

105.    Admitted

106.    See response to 102.  It is denied that Stuckey specifically discussed these matters with Plaintiff.

107.    Admitted that is what Stuckey says.

108.    Admitted that is what Kent says.  See response to 102.

109.    Admitted that is what Stuckey says.

110.    Admitted

111.    Admitted

112.    Admitted

113.    Admitted

114.    Admitted

115.    Admitted

116.    Admitted

117.    Admitted that is what Stuckey says.

118.    Admitted

119.    Admitted that is what Stuckey says.

120.    Admitted

121.    Admitted

122.    Admitted

123.    Admitted

124.    Admitted

125.    Denied.  As indicated in the deposition of William Dumas, copy to be provided, Kent stated that he would not do anything else for "you people" whom both Johnson and Dumas (also a black male) took as referring to them based upon their race.

126.    Denied.  Johnson submits that a reasonable inference to the contrary can be drawn.

127.    Denied.  Johnson submits that a reasonable inference to the contrary can be drawn.

128.    Admitted

129.    Admitted

130.    Admitted

131.    Admitted

132.    Admitted

133.    Admitted.  By way of further answer, Plaintiff requested that the dismissed allegations be consolidated with the allegations in his 1998 non-selection complaint which had been scheduled for a hearing in June, 2000.  The administrative Judge agreed to consider consolidation, but never formally ruled on Plaintiff's Motion.  Plaintiff and the agency thereafter considered all agency charges as if they had been consolidated.  See App. 1-10.

134.    Admitted.  See preceding response.

135.    Admitted.  See preceding response.

136.    Denied.  See App. 1-10.

137.    Admitted with clarification – Refer to #133-35.

138.    Denied.  See # 133-37 and App. 1-10.

139.    Admitted.

140.    Admitted

141.   Admitted

142.   Admitted

143.   Admitted

144.   Admitted with the clarification that the agency had not given Plaintiff any reasonable assurance that he could return to a safe work environment.

145.   Admitted with the clarification that the agency had not given Plaintiff any reasonable assurance that he could return to a safe work environment.

146.   Admitted with the clarification that the agency had not given Plaintiff any reasonable assurance that he could return to a safe work environment.

147.   Admitted with the clarification that the agency had not given Plaintiff any reasonable assurance that he could return to a safe work environment.

148.   Admitted

149.   Admitted with the clarification that the agency had not given Plaintiff any reasonable assurance that he could return to a safe work environment.

Respectfully Submitted,

Andrew J. Ostrowski, Esquire
Pa. ID 66420
4311 North Sixth Street
Harrisburg, PA 17110
(717) 221-9500

Dated: July 29, 2002

## CERTIFICATE OF SERVICE

I, Andrew J. Ostrowski, Esquire, hereby certify that I have served a true and correct copy of the foregoing document, by hand-delivery, addressed as follows:

Kate Mershimer, Esquire
Office of the United States Attorney
208 Walnut Street
Harrisburg,  PA 17108

By_____
    Andrew J. Ostrowski, Esquire
    4311 North Sixth Street
    Harrisburg, PA  17110
    (717) 221-9500

Dated: July 29, 2002