IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS JOHNSON, | : | No. 1:CV-00-1873 |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| ANTHONY PRINCIPI, Secretary of Veterans Affairs; RODNEY KISDCADDEN; ALICE FIDLER; PEG WINTERS; IRVIN ERICKSON; RAYMER KENT; and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 1966, | : | FILED<br>WILLIAMSPORT, PA<br><br>JAN 21 2003<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |
| Defendants. | : | |

### ORDER

**January 21, 2003**

This is a motion for summary judgment by defendants Anthony Principi, the Secretary of Veterans Affairs, as well as Raymer Kent, Alice Fidler, Rodney Kiscadden, and Irvin Erickson, current or former employees of the Lebanon VA Medical Center (the "federal defendants" or "defendants").

For the reasons that follow, we grant the federal defendants' motion.

### PROCEDURAL HISTORY:

On October 24, 2000, plaintiff Lewis Johnson, a black male employee of the

1

Department of Veterans Affairs at its Lebanon Medical Center ("VA"); initiated this action by filing a complaint against the acting Secretary of Veterans Affairs, Hershel W. Gober,[1] three of Johnson's supervisors – Rodney Kiscadden, Alice Fidler and Irving Erickson, the Human Resources Manager at the VA, Raymer Kent, as well as the American Federation of Government Employees Local 1966 (of which plaintiff was a member) and its president, Peg Winters.

The complaint alleges in six counts that plaintiff has been subjected to a pattern of harassment and hostile actions by defendants taken against him because of his race.

Named defendants Peg Winters and the American Federation of Government Employees Local 1966 were dismissed as parties to this action by Order of Judge James F. McClure, dated September 17, 2001.

By Order dated August 6, 2002, this case was transferred to the undersigned.

On May 15, 2002, the federal defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Defendants contend that (1) Johnson may only pursue his claims under Title VII of the Civil Rights Act of 1964 and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Hershel W. Gober was replaced in the caption and as a party by Anthony J. Principi, the current Secretary of Veterans Affairs, by Order dated September 17, 2001.

2

that all other claims related to this matter should be barred; (2) that because the only proper party in Title VII claim is the Secretary of the Veterans Administration sued in his official capacity, all other individuals should be dismissed as defendants; (3) that all of Johnson's claims except for his non-selection claim should be dismissed either as untimely or for failure to exhaust administrative remedies. The federal defendants assert additional arguments as to plaintiff's inability to establish discriminatory animus or pretext on the part of the Lebanon VA Medical Center.

## STANDARD OF REVIEW:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a

genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

4

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material." Id. at 248. Furthermore, a dispute is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## DISCUSSION:

### A. Plaintiff's Non-Title VII Claims

It is well settled that Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* establishes the exclusive remedy for federal employees who claim that they have been discriminated against in the work place. See Brown v. General Services Administration, 425 U.S. 820, 835 (1976); see also Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d.Cir. 1997). Therefore, we will dismiss all of Johnson's claims except for the race discrimination and retaliation claims he has brought pursuant to Title VII. We note that plaintiff's reply brief did not address this issue and we therefore assume that plaintiff does not dispute defendants' contention nor this Court's conclusion in this regard.

5

**B. Proper Defendants in Title VII Action**

Because the only proper party in an employment discrimination suit brought by a federal employee is the head of the agency in which the plaintiff was employed, the claims against defendants Rodney Kiscadden, Alice Fidler, Irving Erickson and Raymer Kent will be dismissed. See 42 U.S.C. §2000e-16(c); see also Arizmendi v. Lawson, 914 F. Supp. 1157, 1159(E.D. Pa. 1996).

**C. Exhaustion of Administrative Remedies and Satisfaction of Time Prerequisites**

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." Robinson, 107 F.3d at 1020 (*citing* McKart v. United States, 395 U.S. 185, 193(1969). A federal employee bringing suit under Title VII must adhere to a number of guidelines: he must contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the occurrence of the alleged discriminatory act, 29 C.F.R. §1614.105(a)(1), he must file a complaint with the EEOC within 15 days of notice that he has the right to file such a complaint, 29 C.F.R. §1614.106(b), and he must initiate an action in federal court within 90 days of the receipt of notice of a final agency action or after 180 days from the date of filing the original charge when no final agency decision has yet been reached. 42 U.S.C.

6

§2000e-16(c). Failure to comply with these pre-conditions will, in general, preclude a plaintiff from bringing suit in federal court. See Mohasco Corp. v. Silver, 447 U.S. 807, 826(1980)("Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

Here, plaintiff's case involves four separate and distinct claims. The first involves his non-selection for the Extended Care Housekeeping Aid position. The second involves a hostile work environment claim in reference to a co-worker. Next, plaintiff makes out a claim of retaliation in processing his Workers Compensation claim. Finally, plaintiff makes out a claim for constructive discharge. As noted previously, defendants contend that plaintiff failed to comply with timeliness requirements with regard to his allegations concerning hostile work environment and retaliation, and failed to exhaust administrative remedies with regard to his constructive discharge claim.

With reference to both the hostile work environment and retaliation claims, rather than filing an appeal with the EEOC, plaintiff chose to challenge the VA's final agency decision by filing this lawsuit. Plaintiff received the VA's final decision to dismiss his hostile work environment claim on May 10, 2000. He received the final agency decision as to his retaliation claim on May 11, 2000.

7

Plaintiff filed this lawsuit on October 24, 2000 – more than 90 days after he received a final agency decision in reference to both claims. As to plaintiff's constructive discharge claim, plaintiff never consulted an agency counselor about the claim, nor did he ever file a formal EEO complaint. Thus, it appears that plaintiff has, as contended by defendants, in fact failed to adhere to the timeliness requirements for filing suit in federal court with reference to his hostile work environment and retaliation claims. Further, the federal defendants' assertions are correct in so far as plaintiff evidently failed to exhaust his administrative remedies with reference to his constructive discharge claim.

Plaintiff answers the federal defendants' assertions by noting that in at least one Circuit, exhaustion of administrative remedies is not required when a complaint raises allegations of retaliation. See Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). Not only do we believe that the Fourth Circuit's holding in this regard has been called into question by National Railroad Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2070-71(2002)(finding *inter alia* that each discrete act of discrimination, including retaliation, must have occurred within the statutorily prescribed period in order thereafter to be actionable in federal court pursuant to Title VII), we also believe that this case is inapposite in that the basis for dismissing the retaliation claim here is plaintiff's failure to timely file suit in

8

federal court - not plaintiff's failure to exhaust administrative remedies.

Plaintiff's alternative argument is that this Court should excuse the delinquency in reference to the hostile work environment and retaliation claims on the basis of equitable tolling.[2] Both the time limit within which an aggrieved federal employee must initiate contact with an EEO counselor and the time limit within which a federal employee must initiate court action are subject to equitable tolling principles. See Arizmendi, 914 F.Supp. at 1159 (*citing* Zipes v. Trans World Airlines, 455 U.S. 385, 393(1982); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-6(1990)). It is the plaintiff's burden to establish facts that would justify the application of equitable tolling. Id. at 1160 (*citing* Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01(3d Cir. 1985)).

The Third Circuit has found that equitable tolling "may be appropriate (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin,

---

[2] Plaintiff makes no argument in reference to defendant's assertion that the constructive discharge claims should be dismissed because of plaintiff's failure to exhaust administrative remedies. On this basis as well as this Court's own examination of the facts, plaintiff's constructive discharge claim will be dismissed.

Fishbein, Sedran & Berman, 38 F.3d 1380, 1391-92(3d Cir. 1994). We note that while we may evaluate the propriety of applying the doctrine of equitable tolling to this claim, the Supreme Court has cautioned lower courts that the doctrine is "to be applied sparingly." National Railroad Passenger Corp., 122 S.Ct. at 2072.

Here, plaintiff asserts that equitable tolling should be applied because plaintiff had previously made a request to an administrative law judge that the administrative complaints which are presently subject to defendants' timeliness arguments be consolidated with the administrative complaint filed in reference to his non-selection claim.[3] Not only were the complaints never consolidated, but plaintiff provides this Court with no indication that he had mistakenly believed that the complaints had in fact been consolidated. Plaintiff's only documentary evidence purportedly supporting his equitable tolling argument consists of an order from EEOC Administrative Law Judge Donna Rodwell indicating that the relevant matters would "probably *not* be consolidated." Plaintiff's Exhibit F at 4(emphasis added). Further, as noted by the federal defendants, a review of the transcript of Administrative Hearing held in reference to plaintiff's non-selection claim indicates that all parties were aware that the hearing only concerned that

---

[3]Defendants' do not dispute that plaintiff's complaint regarding his non-selection claim was timely filed.

10

specific claim. Under these circumstances, we conclude that equitable tolling should not be applied.[4]

### D. SHOWING OF PRETEXT IN NON-SELECTION CLAIM

Plaintiff began working for the VA as a nursing assistant sometime in 1993. In 1997, he began working as a housekeeping aid. In 1998, plaintiff applied for a full time position as a housekeeping aid within the VA. This position has been characterized by both parties as being on the "Open Continuous" list, meaning that the process for hiring individuals to fill the position was competitive and that seniority was not the deciding factor.

Alice Fidler, the Nurse Manager of Extended Care within the VA, was ultimately responsible for making the hiring decision with regard to the housekeeping position. On July 15, 1998, she selected Ronald Hull to fill the open housekeeping position.

---

[4] Although plaintiff has made no such argument in his Brief in Opposition to Defendants' Motion for Summary Judgment, based upon his response to defendants' Statement of Material Facts, it appears that plaintiff contends that the VA gave him no "reasonable assurance that he could return to a safe work environment," and that this omission on the part of the VA could potentially be a reason why equitable tolling should apply to his constructive discharge claim. Response to Defendants' Statement of Material Facts at ¶149. In anticipation of this Court's reliance on that specific factual assertion by plaintiff, defendants have attached a November 17, 1999 letter from Rodney Kiscadden to plaintiff, apparently written so as to alleviate any concerns that plaintiff may have had with regard to his safety. See Federal Defendants' Record in Support of Their Motion for Summary Judgment at 194. Because plaintiff has failed to articulate any arguments pertaining to the applicability of tolling to his constructive discharge claim and based upon the aforementioned letter which seems to address plaintiff's purported concerns, we find that no justification exists for the applicability of equitable tolling in this matter.

In this case, plaintiff has brought a disparate treatment claim against defendants.[5] The essence of such a claim is that it cannot ultimately succeed "unless [the plaintiff-employee's] protected trait actually played a role" in the adverse employment action taken against him. Hazen Paper Company v. Biggens, 507 U.S. 604, 610(1993).

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court articulated a burden shifting methodology for analyzing Title VII discrimination claims. In order to establish a prima facie case of racial discrimination, the Plaintiff must prove by a preponderance of the evidence

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainants qualifications.

Id. at 802. The Supreme Court has stressed, however, that the above criteria are

---

[5]Disparate treatment may be distinguished from disparate impact. "'Disparate treatment'... is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics.] Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment... Claims that stress 'disparate impact' [by contrast] involve employment practices that are facially neutral in their treatment of different groups that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive... is not required under a disparate-impact theory." Hazen Paper Company v. Biggens, 507 U.S. 604, 609, (1993)(citing Teamsters v. United States, 431 U.S. 324, 335-336, n. 15, (1977)(citation omitted)).

12

not rigid in that they may not be "applicable in every respect to differing factual situations." Id. at 802, n. 13. We note that it is well established that this threshold burden on the plaintiff in a Title VII case is not overly demanding; it is clear that plaintiff has met his burden in the case at bar.[6]

After the plaintiff has established a prima facie case of discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. at 802. In Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981), the Supreme Court has elaborated that "[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Id. at 254. Here, we find that defendant has met its burden based on its assertions that Mr. Hull, the employee the VA hired for the position rather than plaintiff, was better qualified, had better people skills, and would fit in better with the team than plaintiff.

As a final step in the burden shifting framework, the Supreme Court has

---

[6]Johnson is an African American male who held a job with the VA. In June of 1998 he applied for a position within the VA which was ultimately filled by a different employee who is not a member of a protected class. For purposes of this motion, defendants do not dispute that plaintiff has established a prima facie case of discrimination.

13

held that if the defendant is successful in meeting its burden, the plaintiff must then be given the "opportunity to show that [defendant's] stated reason for [plaintiff's] rejection was in fact pretext." McDonnel Douglas Corp., 411 U.S. at 804. This may be accomplished "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256(citing McDonnell Douglas, 411 U.S. at 804-805); see also Fuentes v. Perskie, 32 F.3d 759, 765(3d Cir. 1994)("the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's preferred legitimate reasons for its action that a reasonable fact[]finder could rationally find them unworthy of credence")(internal citations omitted). More specifically, in order for Johnson to defeat this motion for summary judgment, he must "submit evidence which: 1) casts sufficient doubt upon each of the legitimate reasons proffered by the defendant[s] so that a reasonable fact[]finder could reasonably conclude that each reason was a fabrication; or 2) allows the fact[]finder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Fuentes, 32 F.3d at 762. More specifically, plaintiff's evidence "must allow a fact[ ]finder reasonably to infer that each of the employer's

14

proffered non-discriminatory reasons... was either a post hoc fabrication or otherwise did not actually motivate the employment action..." Id. at 64.

It is at this juncture that the heart the parties' dispute lies for purposes of this motion. The federal defendants argue that plaintiff has failed to demonstrate that the VA's proffered reasons for its decision not to select him for the housekeeping position are pretextual.

In support of his argument that the reasons the VA has articulated for its adverse employment actions are pretext and that the VA was actually motivated by racial animus Plaintiff asserts the following: (1) that although the hiring process in reference to the housekeeping position was competitive, pursuant to a standing practice in housekeeping the position should have been filled on the basis of seniority; and (2) that Ms. Fidler was motivated by racial animus in her decision-making as evidenced by comments she had made at some point in 1996.[7]

Again, in order to establish pretext, Johnson "must show that the standard or criterion the employer relied on was obviously weak or implausible." Ezold, 983 F.2d at 531(internal citations and quotations omitted). It is clear to the Court that

---

[7]Plaintiff alleges that Alice Fidler made a statement concerning an African-America male who had applied for a position on her floor that she "didn't want any more of them on the floor because we already had several of them on the floor and we don't need no more trouble." Plaintiff's Exhibit F at 18.

15

Johnson's evidence is not sufficient to make this showing.

In support of his claim that seniority should have been the sole criteria for hiring, plaintiff cites the deposition testimony of Rodney Kiscadden. We find that Mr. Kiscadden's deposition testimony is unclear in so far as it is being utilized by either party to demonstrate that seniority should, or in the alternative, should not have been the deciding factor in the hiring process. Regardless of defendants' insistence to the contrary, we do not agree that Mr. Kiscadden's testimony undoubtedly supports defendants' contention that seniority appropriately was not one of the important factor in the hiring process. It is clear, however, that Mr. Kiscadden's testimony does not stand for the proposition that *only* seniority should have been considered as part of the hiring process. Thus, plaintiff has not provided the Court with evidence that the reasons cited by the VA for its hiring decision were pretextual.

Besides the unclear deposition testimony of one person arguably supporting plaintiff's contention regarding the import of seniority, plaintiff's only other evidence pertaining to pretext is deposition testimony in reference to alleged racial comments made by Alice Fidler in 1996. Ms. Fidler's comments, even if true, occurred a significant time before the decision regarding plaintiff's non-selection occurred. "Stray remarks by non-decision makers or by decision makers

16

unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of the decision." Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992); see also Rand v. Mannesmann Rexroth Corp., 2002 WL 550396, *5(E.D.Pa.).

Thus, notwithstanding of defendants' failure to shatter the meaning of Mr. Kiscadden's testimony as signified by plaintiff, and regardless of the statements attributed to Ms. Fidler, because we believe that the evidence plaintiff provides is insufficient to create a reasonable inference of pretext on the part of the VA, summary judgment will be granted with respect to the non-selection claim.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' motion for summary judgment (doc. 28) is granted.

2. Defendants' motion for an extension of time (doc. 43) is granted.

3. The Clerk is directed to close the file on the case.

John E. Jones III
United States District Judge